UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve-Lee: Swartz and
Jacob-Lee: Swartz,

               Plaintiffs,                    No. 19-13035

v.                                 District Judge Nancy G. Edmunds
                                      Magistrate Judge R. Steven Whalen

OFFICER DILLON HOWE, ET AL.,

               Defendants.

_____ /

**REPORT AND RECOMMENDATION**

On September 6, 2019, Plaintiffs filed a *pro se* civil complaint in the Lapeer County, Michigan Circuit Court. The complaint alleged, in part, the "[u]nlawful seizure of personal property. 4th Amendment." *Complaint*, ECF No. 1, PageID.6. On October 15, 2019, Defendants removed the case to this Court based on federal question jurisdiction, pursuant to 28 U.S.C. § 1331. ECF No. 1, PageID.1-3. Before the Court are Plaintiffs' Objection to Removal [ECF No. 5] and Defendants' Motion to Dismiss [ECF No. 6], which have been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Plaintiffs' Objection to Removal (construed as a Motion to Remand) [ECF No. 5] be DENIED, that the Defendants' Motion to Dismiss [ECF No. 6] be GRANTED under Fed.R.Civ.P. 12(b)(6), and that the complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

Plaintiff Steven-Lee: Swartz filed his civil complaint in the Lapeer County, Michigan Circuit Court with a caption designating the Plaintiff(s) as "Steven-Lee: Swartz

and for Jacob-Lee: Swartz." ECF No. 1, PageID.6.[1]  Steven-Lee: Swartz signed the complaint; Jacob-Lee: Swartz did not.  The complaint asserts the following causes of action:

> (1) Unlawful trespass under State law;
>
> (2) Unlawful warrantless search;
>
> (3) "Unlawful seizure of property. 4th Amendment;"
>
> (4) No evidence of bond for good faith performance under State law;
>
> (5) "Unable to produce the law that gave authority to perform a traffic stop. No MCL known providing authority;"
>
> (6) "Unable to cite the law he was acting under. No MCL known providing authority;" and
>
> (7) "Unable to cite the law that allows him to ignore publically recorded documents.  No MCL known providing authority."

*Id*. PageID.6-7.

Although Plaintiffs assert these seven causes of action, the complaint does not contain any facts describing what these Defendants did that would form the basis of liability. Appended to the complaint are a number of documents, including a "Declaration of Status" containing the legal description of property in Lapeer County, Michigan and a statement that Steve-Lee: Swartz is "the real flesh and blood man and not a person or male," and that STEVEN L. SWARTZ is a U.S. citizen and a "vessel," but Steven-Lee:Swartz is not.  *Id*. PageID.8-10. Plaintiff also attaches citations and quotations regarding maritime law under Title 46 of the United States Code. *Id*. PageID.10-17; what is designated a "Mandatory Notice" under the Foreign Sovereign Immunities Act; a self-

---

[1] I use the Plaintiffs' designated spelling (e.g., "Steven-Lee: Swartz") out of respect for their preferred appellations. This courtesy should not be interpreted as acceptance of their legal theory that different spelling, capitalization, or punctuation of their names reflect differing legal entities with differing rights.

styled "notice of non-consent" claiming that laws passed by "federal, state, county and municipal corporations" are "for non-human legal (juristic) persons but "not for living flesh and blood men and women," and a statement that Plaintiff does not consent to contract.  *Id*. PageID.11-27.

On October 15, 2019, Defendants Dillon Howe and Morgan Thompson removed the case to this Court based on federal question jurisdiction, 28 U.S.C. §§ 1331 and 1441(a). Plaintiffs filed the Objection to Removal [ECF No. 5] on January 6, 2020, and Defendants filed their Motion to Dismiss [ECF No. 6] on January 17, 2020.

## II.    STANDARD OF REVIEW RE: MOTION TO DISMISS

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544 (2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true."  *Id.*, at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on

its face." *Twombley*, at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, at 678, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 556 U.S. at 679 (internal citations omitted).

## III.    DISCUSSION

### A.    Motion to Dismiss [ECF No. 6]

As a threshold matter, I note that Plaintiff Jacob-Lee: Swartz did not sign the complaint. Instead, Plaintiff Steven-Lee: Swartz ["Steven"] signed "for Jacob-Lee: Swartz ["Jacob"]." ECF No. 1, PageID.6. Steven is not an attorney, and thus may not represent Jacob or anyone else. Furthermore, Fed.R.Civ.P. 11(a) states:

> "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented."

Jacob-Lee:Swartz is unrepresented, but did not sign the complaint, in violation of Rule 11. He is at a minimum dismissible for that reason.

However, the complaint must be dismissed in its entirety *with prejudice*, because it is in stark non-compliance with Rule 8(a) and *Iqbal*. There is a dearth of any facts

indicating what Defendants Howe and Thompson did that would support the claims of action alleged. In the "relief sought" section of the complaint, there is reference to "[f]ees for property confiscation (truck)," and a claim for monetary damages that include the "cost of impound fees."  ECF No. 1, PageID.7.  So we can surmise that the seizure of a truck played some role in the claims. But there are no facts alleging whose truck it was, when it was seized, where it was seized, under what circumstances it was seized, or what role either Howe or Thompson played that would expose them to liability.[2]

Instead, the complaint enumerates seven causes of action (including warrantless search and unlawful seizure under the Fourth Amendment) untethered to any explanatory facts. This is in clear violation of Rule 8(a) and *Iqbal*, which holds that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678. Indeed, this complaint does not even recite the elements of the causes of action, it merely names them.

Because the complaint does not contain a plausible claim for relief, it should be dismissed with prejudice.

### B.   Objection to Removal (Motion to Remand) [ECF No. 5]

28 U.S.C. § 1441 provides for removal of state court complaints that raise federal questions:

> "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1331 provides:

---

[2] Plaintiffs must show that a named defendant was personally involved in the allegations underlying the complaint. *See Rizzo v. Goode*, 423 U.S. 362, 372 (1976); *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

"The district courts shall have original jurisdiction of all civil actions
arising under the Constitution, laws, or treaties of the United States."

Under 28 U.S.C. § 1367, "the district courts shall have supplemental jurisdiction

over all other claims that are so related to the claims in the action within such original

jurisdiction that form part of the same case or controversy under Article III of the United

States Constitution."

The complaint in this case explicitly raises a claim of unlawful seizure under the

Fourth Amendment. The Fourth Amendment to the Constitution. The United States

Constitution.  So the Defendants' right to remove this case from state court on the basis of

federal question jurisdiction would seem to be uncontroversial.  However, Plaintiffs offer

this argument in opposition to removal:

"The attorney moved the case from state court to federal court on the basis
of claiming that the case is about a fourth amendment violation that it is a
constitutional violation, which is grossly incorrect.  The first ten
amendments make up the document known as the Bill of Rights which is a
completely separate document from the constitution."  ECF No. 5,
PageID.50-51.

Thus, argue Plaintiffs, violations of the Fourth Amendment by state officials may

only be heard in state court.

Plaintiffs offer no authority, short of their subjective belief, to support their

remarkable claim that the first ten Amendments to the Constitution are not part of the

Constitution. Because there is no such authority. The Constitution was ratified in 1788,

and the Bill of Rights in 1791. Over the course of this nation's history, 27 amendments

have been ratified, the most recent in 1992. They are all part of the Constitution.  The

Fourth Amendment is enforceable against state officers through selective incorporation

into Fourteenth Amendment Due Process. "We may take it as settled that the Fourteenth

Amendment gives to the people like protection against the conduct of the officials of any

-6-

State." *Lanza v. State of N.Y.*, 370 U.S. 139, 142 (1962) (citing *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684 (1961)). And because a Fourth Amendment claim "arises under the Constitution, laws, or treaties of the United States," 28 U.S.C. 1331 gives this Court jurisdiction to hear the claim.

Finally, in their reply/response [ECF No. 20], Plaintiffs argue that they are not "citizens created under any constitution," and that this Court does not have personal jurisdiction over them. They cite admiralty law, and appear to argue that the Defendants were acting as "pirates and privateers."  These are quixotic theories that have currency in certain corners of the internet, but have no basis in law or fact. There is no need to expend further judicial resources delving into these specious arguments.  *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (similar theories should be summarily rejected, however they are presented); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (defendant claimed he was "outside" the jurisdiction of the United States; however, the court found this argument to be "completely without merit" and "patently frivolous" and rejected it "without expending any more of this Court's resources on discussion").

Accordingly, Plaintiffs' Objection to Removal, which I construe as a Motion to Remand [ECF No. 5] should be DENIED.

## IV.    CONCLUSION

I recommend that Plaintiffs' Objection to Removal (construed as a Motion to Remand) [ECF No. 5] be DENIED, that the Defendants' Motion to Dismiss [ECF No. 6] be granted under Fed.R.Civ.P. 12(b)(6), and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/R. Steven Whalen
R. STEVEN WHALEN
United States Magistrate Judge
Dated: August 10, 2020


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 10, 2020 electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager